### Frances E. Cochrane, petitioner.

A woman from whom a divorce has been granted on the ground of adultery may in the dis-
cretion of this court, under *St.* 1864, *c.* 216, have leave to marry again, simply upon
proof that since the divorce she has maintained a good character and is a fit person to
marry.

Petition for leave to marry again, under *St.* 1864, *c.* 216.
The petitioner alleged that at October term of this court in 1860,
her husband, William A. Cochrane, obtained a divorce from her
for the cause of adultery; that the same was obtained without
collusion; that she has never been convicted of adultery, and
that more than three years have elapsed since the date of said
decree. On this petition, notice was ordered and given to the
husband, and the same was published in a public newspaper;
but no person appeared to oppose it.

At the hearing in this court, before *Chapman*, J., the petitioner
proved that since the granting of the divorce she had lived with
her father; and that she had maintained a good character during
said period of upwards of three years; and that she was of a
suitable age, and, in the opinion of the witness, a fit person to
marry. But the judge decided that, admitting this evidence to
be true, it did not establish a case to which the provisions of the
statute ought to be applied, but that still further facts should be
proved to entitle the petitioner to the decree prayed for; that, as
a general rule, a party who has violated the obligation of the
marriage covenant by committing the crime of adultery is not
entitled to the confidence of the court, nor to a decree that certi-
fies such confidence, and may enable the party to practise deceit
on another party; that there are a great many exceptional cases

to which the statute may be usefully applied; for example, a party who has been absent from the state for a few months may, on his return, find a decree of divorce against him, upon notice published in a newspaper which never reached him, and upon *ex parte* evidence, which might have been refuted if he had been present; or perhaps he may prove extenuating circumstances and repentance, and a thorough change of principles and character. But if the statute were to be construed as the petitioner contends it should be, it would operate as a temptation to any party desiring to get rid of a husband or wife to commit adultery in some place beyond the jurisdiction of our criminal courts, as a convenient method of accomplishing the object by the instrumentality of this court; and the discretion of the court ought to be exercised with the greater caution, because hearings on such petitions are *ex parte*, there being no person interested to oppose them, or inform the court of the whole truth of the case. The judge, therefore, ordered the petition to be dismissed, and decided that the petitioner had no right of exception.

The petitioner alleged exceptions.

*W. Brigham*, for the petitioner.

DEWEY, J. No exception lies to the ruling of a judge upon a matter simply discretionary. Had the ruling in this case been of this character, it would not be open to review upon this bill of exceptions. But the court in the present instance have ruled as a matter of law, that, upon the facts offered in evidence, and conceding them to be true, they did not establish a case to which the provisions of *St.* 1864, *c.* 216, ought to be applied. This abstract proposition, we think, was not correct. Such evidence certainly was not conclusive, and a broad field for discretion is open to the presiding judge upon all the surrounding circumstances and facts bearing upon the particular case. But in the absence of any such other facts unfavorable to the petitioner, we think the evidence offered in the present case might be deemed sufficient to authorize the granting of the petition, and it would be competent for the court to grant it.

*Exceptions sustained.*